IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**CASEY THOMAS HAVARD**                                                  **PETITIONER**

V.                                                       **Case No. 1:20-cv-00137-HSO-JCG**

**BOBBY C. FAIRLEY**
Warden                                                                    **RESPONDENT**

## REPORT AND RECOMMENDATION

BEFORE THE COURT is the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody filed pro se by Petitioner Casey Thomas Havard. Havard challenges the revocation of his post release supervision by the Circuit Court of George County, Mississippi. Respondent, Warden Bobby C. Fairley, has filed a Motion to Dismiss for Failure to Exhaust [10]. Havard has filed a Response [13] and Fairley a Reply [20]. For the reasons set forth below, the instant Petition should be dismissed without prejudice for failure to satisfy the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

BACKGROUND

On April 23, 2018, Havard entered pleas of guilty to the crimes of possession of a controlled substance (methamphetamine) and fleeing, while in a vehicle, from a law enforcement officer. [10-4, 10-5]. The Circuit Court sentenced Havard to serve a term of eight years in the custody of the Mississippi Department of Corrections (MDOC) for the possession conviction, with five years to serve and three years reporting post release supervision. [10-5]. For fleeing, the Circuit Court sentenced Havard to serve a concurrent term of five years in the custody of MDOC and

recommended him for the Recidivism Reduction Program while in the custody of MDOC. *Id.* The Circuit Court retained jurisdiction over the matter. *Id.*

On November 2, 2018, Havard filed a "Petition for Judicial Review" in the Circuit Court, alleging that he had completed the Recidivism Reduction Program and requesting that he be accepted by a restitution center in Pascagoula, Mississippi. [10-6] at 2. On April 26, 2019, Havard filed a Petition for writ of mandamus in the Mississippi Supreme Court because he had not yet received an order from the Circuit Court on the "Petition for Judicial Review." The Mississippi Supreme Court required a response from the Circuit Court.

The Circuit Court responded by presenting an Order issued May 9, 2019, which set a hearing for judicial review. [10-7] at 2. The Order Granting Petition for Judicial Review provided:

> The Court recommended that Havard be placed in the Recidivism Reduction Program, and the Court retained jurisdiction. Upon the inquiry by the Court, the Department of Corrections inexplicably, and contrary to the assertion of Havard, failed to admit Petitioner to the RRP Program but rather placed him in general population, all without the knowledge or approval of this Court. Being now fully advised, the Court finds that Havard is entitled to judicial review and his Petition should be granted.

*Id.*

Upon receipt of the Circuit Court's Order, the Mississippi Supreme Court dismissed Havard's mandamus action as moot. [10-8]. On May 14, 2019, Havard appeared before the Circuit Court. The Circuit Court found that Havard met the prerequisites for release on probation. [10-9]. The Circuit Court "ordered that the

2

remainder of Defendant's original sentence previously imposed on April 23, 2018, should be and is hereby suspended with the exception of time served. The Defendant is hereby placed on reporting post release supervision for FIVE (5) years." *Id.* at 1. The probation and suspended portion of Havard's sentence were subject to many conditions, including committing no criminal offenses and reporting to MDOC as directed. *Id.*

On May 24, 2019, MDOC issued a warrant for Havard's arrest, citing Havard's failure to report to the probation officer following his sentencing on May 14, 2019. [10-10]. On July 3, 2019, the Circuit Court withdrew the warrant because "[Havard] ha[d] been at the City of Refuge since May 20, 2019." [10-11].

On March 3, 2020, Havard was arrested by the George County Sheriff's Office for felony fleeing, burglary, and motor vehicle theft. About a month later, while in custody, Havard filed the instant § 2254 Petition requesting federal habeas relief.

Next, on June 25, 2020, the Circuit Court held Havard's formal revocation hearing. [10-17]. By Order filed June 26, 2020, the Circuit Court ordered that Havard's probation be revoked because Havard

> admitted violation of the conditions of HIS probation, has not properly conducted HIMSELF and has violated the conditions of HIS probation in a material respect, to-wit:
>
> Condition A: Commit no offense against the laws of this or any State: Offender was arrested on 3/3/20 for Felony Fleeing, Burglary, and Motor Vehicle Theft by the George County Sheriff's Office. Condition D: Report: Offender failed to report to the probation office after being sentenced on 5/14/2019.

3

[10-18].

A review of the Mississippi Supreme Court's docket, accessed on that court's publicly available website, shows that Havard has not filed any pleadings with the Mississippi Supreme Court since he filed the petition for writ of mandamus. *See* https://courts.ms.gov/ (search "General Docket" by "Casey Havard") (last visited January 25, 2021).[1]

## DISCUSSION

A.  Standard of Review

Under 28 U.S.C. § 2254, a federal court may issue the writ of habeas corpus when a person is held in violation of the federal Constitution or laws, permitting a federal court to order the discharge of any person held by a state in violation of the supreme law of the land. *Frank v. Mangum,* 237 U.S. 309, 311 (1915).

Before considering the merits of a petition under 28 U.S.C. § 2254 for writ of habeas corpus, the Court must first determine if all procedural steps necessary to preserve each issue raised for federal review have been taken. One procedural requirement is that a writ of habeas corpus may not be granted unless it appears that the petitioner has exhausted all available state court remedies. See 28 U.S.C. § 2254(b)(1); *Carty v. Thaler*, 583 F.3d 244, 253 (5th Cir. 2009).

Petitioners must give state court systems the full opportunity to resolve federal

---

[1] The Court may take judicial notice of public records. *See Darby v. Johnson*, 176 F.3d 479 (5th Cir. 1999) (taking judicial notice of public records of the State Bar of Texas in § 2254 when reviewing § 2254 petition).

4

constitutional claims through the established state appellate review process prior to filing in federal court. *O'Sullivan v. Boerckel,* 526 U.S. 838, 848 (1999). 28 U.S.C. § 2254(c) provides that "[a]n applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

B.    Analysis

Havard maintains that he has exhausted available state remedies because he filed a petition for writ of mandamus in the Mississippi Supreme Court. The petition for writ of mandamus, however, was a request that the Mississippi Supreme Court require the Circuit Court to rule on the "Petition for Judicial Review." The writ of mandamus did not challenge the revocation of Havard's post release supervision, nor could it, because Havard's post release supervision had not been officially revoked at that time.

Mississippi law clearly provides a prisoner an available procedure to challenge the revocation of supervised release. Mississippi's Uniform Post-Conviction Collateral Relief Act provides that a prisoner may seek postconviction relief in state court on the ground "[t]hat his sentence has expired; his probation, parole or conditional release unlawfully revoked; or he is otherwise unlawfully held in custody[.]" Miss. Code. Ann. § 99-39-5. Havard has not utilized the Mississippi Uniform Post-Conviction Collateral Relief Act to raise any challenges to the

5

revocation of his post release supervision to the Mississippi Supreme Court in a procedurally proper manner. Havard has failed to satisfy the exhaustion requirement of 28 U.S.C. § 2254.

Stay and abeyance while Havard exhausts his claims in State court is not appropriate. The United States Supreme Court has cautioned that "stay and abeyance should be available only in limited circumstances" because a "stay and abeyance has the potential to 'frustrate AEDPA's objective of encouraging finality' and 'AEDPA's goal of streamlining federal habeas proceedings.'" *Williams v. Thaler*, 602 F.3d 291, 309 (5th Cir. 2010) (citing *Rhines v. Weber,* 544 U.S. 269, 277 (2005). The Court of Appeals for the Fifth Circuit has explained that the granting of a stay "effectively excuses a petitioner's failure to present his claims first to state court[.]" *Neville v. Dretke*, 423 F.3d 474, 479 (5th Cir. 2005). A stay is only appropriate when the petitioner can show good cause for failure to exhaust his claims in state court first. *Id.* at 277.

Havard has not argued nor shown that "good cause" exists for his failure to exhaust his claims in state court prior to filing for federal habeas relief. According to Respondent's Motion filed in July 2020, Havard "still has ample time to return to state court, exhaust any challenges to his revocation, and file a habeas petition before the limitations period for his revocation challenge expires." [10] at 12. Havard's § 2254 Petition should be dismissed without prejudice for failure to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

RECOMMENDATION

It is recommended that Fairley's Motion to Dismiss for Failure to Exhaust [10] be GRANTED and Havard's § 2254 Petition DISMISSED WITHOUT PREJUDICE for failure to meet the exhaustion requirement of 28 U.S.C. § 2254(b)(1)(A).

NOTICE OF RIGHT TO APPEAL/OBJECT

In accordance with Local Uniform Civil Rule 72(a)(3) and 28 U.S.C. §636(b)(1), any party within fourteen days after being served a copy of this recommendation, may serve and file written objections to the proposed findings and recommendations. The District Judge at that time may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. The District Judge may also receive further evidence or recommit the matter to the Magistrate Judge with instructions.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this Report and Recommendation within fourteen days after being served with a copy shall bar that party, except under grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court to which the party has not objected. *Douglass v. United Servs. Auto. Ass'n.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other grounds,* 28 U.S.C. §636(b)(1). An objecting party must specifically identify the findings, conclusions, and

recommendations to which he objects. The District Judge need not consider frivolous, conclusive, or general objections.

**SIGNED**, this the 26th day of January, 2021.

*s/ John C. Gargiulo*
JOHN C. GARGIULO
UNITED STATES MAGISTRATE JUDGE