IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **CASEY THOMAS HAVARD** § | | **PETITIONER** |
| § | | |
| § | | |
| § | | |
| v. § | | **Civil No. 1:20-cv-137-HSO-JCG** |
| § | | |
| § | | |
| § | | |
| **BOBBY C. FAIRLEY** § | | **RESPONDENT** |
| *Warden* § | | |

**ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [28], GRANTING RESPONDENT'S MOTION [10] TO DISMISS, AND DISMISSING PETITIONER'S PETITION [1] FOR HABEAS CORPUS RELIEF WITHOUT PREJUDICE**

BEFORE THE COURT are Respondent Bobby C. Fairley's Motion [10] to Dismiss and the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo, which recommends granting the Motion [10] to Dismiss and dismissing Petitioner Casey Thomas Havard's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus without prejudice.  Petitioner has not objected to the Report and Recommendation [28], and the time for doing so has passed.

Having considered the Report and Recommendation [28], the record as a whole, and relevant legal authority, the Court finds that the Report and Recommendation [28] should be adopted as the finding of the Court, Respondent Bobby C. Fairley's Motion [10] to Dismiss should be granted, and Petitioner Casey Thomas Havard's Petition [1] under 28 U.S.C. § 2254 for Writ of Habeas Corpus

should be dismissed without prejudice for failure to exhaust his available state court remedies.

I. BACKGROUND

A. Factual background

On April 23, 2018, Petitioner Casey Thomas Havard ("Petitioner" or "Havard") pled guilty in the Circuit Court of George County, Mississippi (the "Circuit Court"), to the crimes of possession of a controlled substance and fleeing while in a vehicle from a law enforcement officer. See Pet. [10-4] at 1-3; Order [10-5] at 1-2. Petitioner was sentenced to serve eight years in the custody of the Mississippi Department of Corrections ("MDOC") on the possession of controlled substance conviction, with five years to serve and the remaining three years to be served under post-release supervision. Order [10-5] at 1. Petitioner was sentenced to a concurrent term of five years on the fleeing conviction, and the Circuit Court recommended Petitioner to a Recidivism Reduction Program. Id. at 2.

On November 2, 2018, Petitioner filed a Petition [10-6] for Judicial Review in the Circuit Court, claiming that he had completed the Recidivism Reduction Program and asking the Circuit Court to transfer him to a restitution center in Pascagoula, Mississippi. See Ex. F [10-6]. The Circuit Court did not rule on the Petition, and on April 26, 2019, Petitioner filed a petition for writ of mandamus in the Mississippi Supreme Court seeking a ruling. See Ex. G [10-7] at 1-2. The Mississippi Supreme Court ordered the Circuit Court to respond and on May 9,

2019, the Circuit Court granted the Petition [10-6] and recommended that Petitioner "be placed in the Recidivism Reduction Program, and [that] the [c]ourt retained jurisdiction." *See* Ex. G [10-7] at 1-2. The Mississippi Supreme Court then dismissed the petition for mandamus as moot.

On May 14, 2019, the Circuit Court found that Petitioner had met the prerequisites for release on probation and ordered that the "remainder of [Petitioner's] original sentence previously imposed on April 23, 2018, . . . is hereby suspended with the exception of time served. The [Petitioner] is hereby placed on reporting post release supervision for FIVE (5) years." *See* Ex. I [10-9] at 1-2.

While Petitioner was on post-release supervision, he was arrested for felony fleeing, burglary, and motor vehicle theft. Ex. Q [10-17] at 1. The Circuit Court revoked Petitioner's probation and ordered that he serve the remainder of his suspended sentence in the custody of the MDOC. *See* Ex. Q [10-17] at 1; Order of Revocation [10-8].

B.  Procedural history

On April 9, 2020, Petitioner filed a Petition [1] in this Court under 28 U.S.C. § 2254 for Writ of Habeas Corpus "challenging the revocation of [his] probation and or parole that was suppose [sic] to be probation." Pet. [1] at 1-15; Resp. to Order [5] at 1-4. Petitioner asserts that he has exhausted his state court remedies on grounds that he had already filed a petition for writ of mandamus in the Mississippi Supreme Court. *See* Pet. [1] at 1-15. Respondent Warden Bobby C. Fairley

3

("Respondent") filed a Motion to Dismiss [10] contending that Petitioner's claims are procedurally barred from federal habeas review, or alternatively, are unexhausted. Mot. [10] at 1-14.  Petitioner filed a Response [13], and Respondent filed a Reply [20].

On January 26, 2021, the Magistrate Judge entered a Report and Recommendation [28] recommending that Respondent's Motion [10] be granted and that the Petition [1] be dismissed without prejudice for failure to exhaust state court remedies under 28 U.S.C. § 2254(b)(1)(A).  R. & R. [28] at 6-7.  Petitioner has not filed any objections to the Report and Recommendation [28], and the time for doing so has passed.

## II. DISCUSSION

Where a party has filed objections to a magistrate judge's report and recommendation, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see also Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (party filing written objections is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made").

However, where no party has objected to a magistrate judge's report and recommendation, the Court need not conduct a de novo review of it.  28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

4

objection is made."). In such cases, the Court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989).

Having conducted the required review, the Court concludes that the Report and Recommendation [28] is neither clearly erroneous nor contrary to law. The Court will adopt the Magistrate Judge's Report and Recommendation [28] as the opinion of this Court and will grant Respondent's Motion [10] to Dismiss on grounds that Petitioner has failed to exhaust his available state court remedies under 28 U.S.C. § 2254(b)(1)(A). As such, the Petition [1] should be dismissed.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, the Report and Recommendation [28] of United States Magistrate Judge John C. Gargiulo entered in this case on January 26, 2021, is **ADOPTED** in its entirety as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Respondent Bobby C. Fairley's Motion [10] to Dismiss is **GRANTED**.

5

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE**.  A separate judgment will be entered in accordance with this Order as required by Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 17th day of February, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE